UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALBERT HERNANDEZ,

    Petitioner,

v.

ROBERT AYERS, JR., warden,

    Respondent.

No. C 07-1287 MHP (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Albert Hernandez, a prisoner incarcerated at the San Quentin State Prison, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

In this habeas action, Hernandez challenges an April 5, 2004 prison disciplinary decision that resulted in the forfeiture of 150 days of time credits upon a finding that he was in possession of a controlled substance. His allegations are far from clear on the factual basis for the disciplinary charge, but it appears that he took a urine test that came back positive for methamphetamine.

Hernandez alleges that he filed unsuccessful habeas petitions in state courts, including the California Supreme Court, before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The process due in a prison disciplinary proceeding that results in the loss of time credits (assuming that such a loss of credits inevitably would affect the duration of the prisoner's confinement) includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. Wolff v. McDonnell, 418 U.S. 539, 564-70 (1974). Due process also requires that there be "some evidence" to support the disciplinary decision. Superintendent v. Hill, 472 U.S. 445, 454 (1985). The Due Process Clause only requires that prisoners be afforded those procedures mandated by Wolff and its progeny; it does not require that a prison comply with its own, more generous procedures. See Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994).

The petition here contains numerous allegations about the many ways in which the investigation, the urine test, and the disciplinary proceedings failed to comply with state law, CDC regulations, and perhaps operations prison manuals. None of those allegations support federal habeas relief. Although Hernandez could raise those claims in a state habeas action, as well as in defense to the prison disciplinary charge, this court cannot entertain those claims. The court's habeas jurisdiction is limited to correcting violations of the constitution, laws or treaties of the United States. State law violations do not warrant habeas relief.

As to the federal constitutional claims, it appears that there are two. First, it appears that Hernandez is alleging that the evidence is insufficient to support the decisions. Second, he alleges that he was denied his right to call witnesses. These present cognizable due process claims. Hernandez also alleges that the failure to call the witnesses violated his right to equal protection, but there are no allegations supporting an equal protection claim in the denial of the witnesses. Liberally construed, Hernandez's petition alleges two due process claims that warrant a response. All other claims are dismissed.

## CONCLUSION

For the foregoing reasons,

1. The petition alleges due process claims based on insufficient evidence to support the disciplinary decision and the denial of witnesses at the disciplinary hearing. All other claims are dismissed.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **October 5, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of the disciplinary decision records pertaining to the challenged decision.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **November 16,, 2007**.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: August 6, 2007

Marilyn Hall Patel
United States District Judge

3